UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | 25 Cr. |
| NOMMA ZARUBINA,<br>a/k/a "Alyssa," | **25 CRIM    17 9** |
| Defendant. | |

### COUNT ONE
### (False Statements)

The Grand Jury charges:

1.      On or about April 20, 2021, in the Southern District of New York and elsewhere, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, to wit, during an interview with Special Agents from the Federal Bureau of Investigation ("FBI"), ZARUBINA falsely stated that she had not been in contact with members of the Russian Government or Russian intelligence services, when, in truth and in fact, ZARUBINA had been in communication with an officer in the Federal Security Service of the Russian Federation ("FSB"), specifically an FSB officer based in Tomsk, Russia ("FSB Officer-1"), knew that FSB Officer-1 was an FSB officer, and that these communications included, among other things, FSB Officer-1 asking ZARUBINA to perform certain tasks in the United States on behalf of FSB Officer-1.

(Title 18, United States Code, Section 1001(a)(2).)

## COUNT TWO
### (False Statements)

The Grand Jury further charges:

2.      On or about September 20, 2023, in the Southern District of New York and elsewhere, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, to wit, during an interview with Special Agents from the FBI, ZARUBINA falsely stated that she had only been interviewed once in Russia by an officer from the FSB about her time and activities in the United States, when, in truth and in fact, ZARUBINA had been in regular communication with FSB Officer-1 from at least in or around December 2020 through in or around 2022, and had agreed to help the FSB with particular tasks to perform in the United States on behalf of FSB Officer-1.

(Title 18, United States Code, Section 1001(a)(2).)

## COUNT THREE
### (Conspiracy to Violate the Mann Act)

The Grand Jury further charges:

3.      From at least in or about 2018 through at least in or about 2024, in the Southern District of New York and elsewhere, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, interstate transportation of individuals to engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421(a).

2

4.      It was a part and an object of the conspiracy that NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, and others known and unknown, knowingly would and did transport and attempt to transport an individual in interstate or foreign commerce with the intent that such individual engage in prostitution and in a sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421(a), to wit, ZARUBINA participated in a scheme to transport women between the state of New York and the state of New Jersey, via the Southern District of New York, with the intent that such women engage in prostitution, in violation of New Jersey Revised Statutes § 2C:34-1(b).

## OVERT ACTS

5.      In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.      On or about January 31, 2024, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, drove an individual ("Individual-1") from a massage parlor business located in East Brunswick, New Jersey that promoted prostitution ("Business-1") to Brooklyn, New York via the Verrazzano-Narrows Bridge.

b.      On or about February 7, 2024, ZARUBINA drove another individual ("Individual-2") from Brooklyn, New York to Business-1 via the Verrazano-Narrows Bridge.

c.      From in or about 2018 through at least in or about 2024, ZARUBINA drove other individuals, other than Individual-1 and Individual-2, to and from Business-1 and Brooklyn for the purpose of facilitating their participation in prostitution at Business-1.

(Title 18, United States Code, Section 371.)

3

## COUNT FOUR
### (Conspiracy to Violate the Travel Act)

The Grand Jury further charges:

6.     From at least in or about 2018 through at least in or about 2024, in the Southern District of New York and elsewhere, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, a violation of Title 18, United States Code, Section 1952(a)(3)(A).

7.     It was a part and an object of the conspiracy that NOMMA ZARUBINA, a/k/a "Alyssa," would and did knowingly travel in and use interstate commerce and use the mail and a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, prostitution offenses in violation of federal law and New Jersey Revised Statutes § 2C:34-1(b), and thereafter would and did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3)(A).

### OVERT ACTS

8.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     As set forth in Paragraph 5(a)-(c) above with respect to Count Three, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, drove Individual-1, Individual-2, and others to and from Business-1 and Brooklyn, New York, via the Verrazano-Narrows Bridge, for the purpose of facilitating their participation in engagement in prostitution at Business-1.

4

b.      Between in or around 2021 and 2024, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, and others, including a manager of Business-1 ("Manager-1"), exchanged numerous text messages referencing prostitution activity at Business-1, which ZARUBINA was working with Manager-1 to coordinate and arrange.

(Title 18, United States Code, Section 371.)

## COUNT FIVE
(Naturalization Fraud)

9.      On or about July 11, 2022, in the Southern District of New York and elsewhere, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, willfully, and knowingly did make false statements under oath, in a case, proceeding, and matter relating to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, to wit, ZARUBINA answered in response to a question in an Application for Naturalization dated July 11, 2022, and pending in New York, New York, that she had never "been a prostitute, or procured anyone for prostitution," when, in fact, ZARUBINA had been engaged in unlawful sexual activity, including prostitution offenses, as alleged in Counts Three and Four from at least in or about 2018.

(Title 18, United States Code, Section 1015)

## FORFEITURE ALLEGATIONS

10.     As a result of committing the offense alleged in Count Three of this Indictment, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

5

11.     As a result of committing the offense alleged in Count Four of this Indictment, NOMMA ZARUBINA, a/k/a "Alyssa," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

12.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a)      cannot be located upon the exercise of due diligence;

b)      has been transferred or sold to, or deposited with, a third person;

c)      has been placed beyond the jurisdiction of the Court;

d)      has been substantially diminished in value; or

e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 2428;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

*Matthew Podolsky*
_____
MATTHEW PODOLSKY
Acting United States Attorney

7