```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                          25 Cr. 179 (LTS)

NOMMA ZARUBINA,

              Defendant.               Arraignment
------------------------------x
                                       New York, N.Y.
                                       April 30, 2025
                                       11:35 a.m.

Before:

              HON. LAURA TAYLOR SWAIN,

                                       Chief District Judge

                         APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
HENRY L. ROSS
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK, INC.
     Attorneys for Defendant
KRISTOFF I. WILLIAMS
```

           (Case called)
           THE COURT:  Again, good morning.
           Counsel, would you please introduce yourselves.
           MR. ROSS:  Good morning, your Honor.
           Henry Ross, for the government.
           THE COURT:  Good morning, Mr. Ross.
           MR. WILLIAMS:  Good morning, your Honor.
           Kristoff Williams, for Ms. Zarubina, who is present.
           THE COURT:  Good morning, Mr. Williams; and good morning, Ms. Zarubina.
           THE DEFENDANT:  Good morning.
           THE COURT:  And so we are here for arraignment and initial conference, as I understand; is that correct, counsel?
           MR. ROSS:  That's correct.
           THE COURT:  Thank you.
           First, before we go to the arraignment, I have to provide some important information in accordance with Rule 5(f) of the Federal Rules of Criminal Procedure.  That rule requires the Court to remind the parties orally and in writing of the prosecution's obligations under the Supreme Court's 1963 *Brady v. Maryland* decision and the cases that have built upon that decision, and of the possible consequences of violating those obligations.
           I hereby direct the government to comply with its obligations under *Brady v. Maryland* and its progeny to disclose

1  to the defense all information, were admissible or not, that is
2  favorable to the defendant, material either to guilt or to
3  punishment, and known to the government.  Possible consequences
4  for noncompliance may include dismissal of individual charges
5  or the entire case, exclusion of evidence, and professional
6  discipline or court sanctions on the attorneys responsible.
7       I will enter a written order more fully describing
8  this obligation and the consequences of failing to meet it.
9  And I direct the government to review and comply with that
10 order.
11      Mr. Ross, do you understand these obligations and
12 confirm that the government has fulfilled or will fulfill them?
13      MR. ROSS:  Yes, your Honor, as to both questions.
14      THE COURT:  Thank you.
15      And so now it is time for the arraignment.
16      Is it Ms. Zarubina or Ms. Zarubina?
17      THE DEFENDANT:  Zarubina, please.
18      THE COURT:  Ms. Zarubina, would you please stand, and
19 Mr. Williams as well.
20      Mr. Williams, have you seen a copy of the indictment?
21      MR. WILLIAMS:  I have, your Honor.
22      THE COURT:  And have you discussed it with
23 Ms. Zarubina?
24      MR. WILLIAMS:  Yes.
25      THE COURT:  Ms. Zarubina, would you please state your

1 full name and your age.

2 THE DEFENDANT: My full name is Nomma, and last name
3 Zarubina. I'm 34.

4 THE COURT: Have you read the indictment? That's the
5 document with the number 25 Crim. 179 at the top that sets out
6 the charges against you.

7 THE DEFENDANT: Yes, I have read.

8 THE COURT: And have you discussed it with your
9 attorney?

10 THE DEFENDANT: Yes. Correct.

11 THE COURT: Do you understand the charges against you?

12 THE DEFENDANT: I do.

13 THE COURT: I will read the indictment out loud to you
14 now in full if you would like me to. Would you like me to read
15 it in its entirety out loud to you now in court?

16 THE DEFENDANT: No, your Honor.

17 THE COURT: The record will reflect that the defendant
18 has waived the public reading of the indictment.

19 I'm going to ask you some questions that summarize the
20 charges.

21 First, do you understand that Count One charges you
22 with making false statements, in violation of Title 18 of the
23 United States Code, Section 1001(a)(2), by knowingly and
24 willfully making materially false, fictitious, and fraudulent
25 statements and representations during an interview with FBI

1     special agents on or about April 20th, 2021?

2                THE DEFENDANT:  Yes, I do.

3                THE COURT:  And how do you plead to that charge, not
4     guilty or guilty?

5                THE DEFENDANT:  Not guilty.

6                THE COURT:  Do you understand that Count Two charges
7     you with making false statements, in violation of Title 18,
8     Section 1001(a)(2), by knowingly and willfully making
9     materially false, fictitious, and fraudulent statements and
10    representations during an interview with FBI special agents on
11    or about September 20th, 2023?

12               THE DEFENDANT:  Yes, I do.

13               THE COURT:  And how do you plead to that charge, not
14    guilty or guilty?

15               THE DEFENDANT:  Not guilty.

16               THE COURT:  Do you understand that Count Three charges
17    you under Title 18 of the United States Code, Section 371, with
18    participating in a conspiracy to violate the Mann Act, which is
19    Title 18, Section 2024 -- sorry, Section 2421(a), by knowingly
20    combining, conspiring, confederating, and agreeing with others
21    to transport, and transporting and attempting to transport,
22    individuals to engage in prostitution between New York and New
23    Jersey from at least in or around 2018, through at least in or
24    around 2024?

25               THE DEFENDANT:  Yes, I do.

1  THE COURT: And how do you plead to Count Three,
2  guilty or not guilty?
3  THE DEFENDANT: Not guilty.
4  THE COURT: Do you understand that Count Four charges
5  you with -- under Title 18, Section 371, with conspiracy to
6  violate the Travel Act, which is Title 18, United States Code,
7  Section 1952(a)(3)(A), by willfully and knowingly combining,
8  conspiring, confederating, and agreeing with others to commit
9  an offense in violation of that act, namely, knowingly
10 traveling in and using interstate commerce to promote, manage,
11 establish, carry on and facilitate the promotion, management,
12 establishment, and carrying on of prostitution offenses, in
13 violation of federal and New Jersey law, from at least in or
14 around 2018, through at least in or around 2024?
15 THE DEFENDANT: Yes, I do.
16 THE COURT: And how do you plead to that charge,
17 guilty or not guilty?
18 THE DEFENDANT: Not guilty.
19 THE COURT: Do you understand that Count Five charges
20 you with committing naturalization fraud, in violation of Title
21 18 of the United States Code, Section 1015, by willfully and
22 knowingly making false statements under oath in a case,
23 proceeding, and matter relating to and under and by virtue of a
24 law of the United States relating to naturalization,
25 citizenship, and registry of aliens, on or about July 11th,

1     2022?
2             THE DEFENDANT:  Yes, I do.
3             THE COURT:  And how do you plead to that charge, not
4     guilty or guilty?
5             THE DEFENDANT:  Not guilty.
6             THE COURT:  Thank you.  You can be seated.
7             Mr. Ross, would you give us a status report, please.
8             MR. ROSS:  Yes, your Honor.
9             So just by way of background, the defendant was
10    arrested on November 21st, 2024, presented that day and
11    released on conditions.  There were two 30-day continuances
12    entered in magistrate's court, and the defendant was
13    subsequently indicted on April 21st.
14            The government is preparing to produce discovery.  I'm
15    happy to run through an overview of what that looks like.
16            THE COURT:  Please do.
17            MR. ROSS:  So the discovery in this case will include
18    FBI reports documenting interviews with the defendant,
19    surveillance of the defendant and certain other law enforcement
20    activities, the contents of the defendant's cell phone, cell
21    phone location data and pen register data, license plate reader
22    data, the defendant's travel records, search warrant
23    affidavits, communications between the defendant and the FBI
24    via text messages, certain documents obtained by law
25    enforcement during the course of a related investigation, which

the government is currently reviewing for potentially discoverable material, East Brunswick Police Department records relating to a purported massage parlor in New Jersey in which defendant is alleged in Counts Three and Four to have procured women for prostitution, immigration records relating to the defendant, including the July 2022 citizenship application on which the defendant made certain false statements charged in the indictment, and a recording of the defendant's recent post-arrest statement.

        THE COURT:  I think that covers everything I would normally follow up and ask you about.

        Do you expect that there will be any unusual security issues or SIPA issues in connection with this case?

        MR. ROSS:  I don't, your Honor.  I do anticipate submitting a protective order which will propose certain restrictions as to certain categories of discovery in terms of what can be disclosed and to whom.  So there are some sensitivities along those lines in this case, but nothing along the lines of what your Honor just mentioned.

        THE COURT:  Thank you.

        And have -- let's see.  Are there any identifiable victims or victim notification issues here?

        MR. ROSS:  I don't believe so, your Honor.  I'll speak with the rest of the prosecution team and we'll make sure that to the extent the FBI or our office considers anyone involved a

1  victim, such as potentially sex workers at the massage parlor,
2  we'll make sure that we comply with our obligations in terms of
3  notification and consultation.
4         THE COURT: Very good.
5         And let's see. What is the government's position as
6  to speedy trial computations, starting today or starting some
7  other time?
8         MR. ROSS: So, your Honor, I think the government's
9  position is that the clock would start today. We'll be seeking
10 an exclusion of time to permit the government to produce
11 discovery and for the defendant to review it.
12        THE COURT: And so I'll circle back to you and ask you
13 about that once we set some dates.
14        And have you and Mr. Williams talked about the amount
15 of time that will be -- oh, let's see. You talked about
16 discovery you are going to produce. So when do you propose to
17 produce it? And I'm assuming that you'll be producing on a
18 rolling basis?
19        MR. ROSS: That's right, your Honor. But I think we
20 can make a substantial production within 30 days.
21        THE COURT: All right.
22        And have you and Mr. Williams talked about how much
23 time will be needed for the defense to review the discovery and
24 for it to make sense for us to come back together and talk
25 further about scheduling and progress in the case?

1          MR. ROSS:  We haven't actually conferred and don't
2     have a joint proposal.  I'm happy to speak with the defense or
3     happy to let Mr. Williams get his thoughts in that regard.
4          THE COURT:  Well, why don't you two confer for a
5     second and then I'll hear from Mr. Williams.
6          (Counsel conferred)
7          MR. WILLIAMS:  Thank you, your Honor.
8          We are going to propose end of July or mid August.
9          THE COURT:  I think end of July is probably a better
10    time frame for -- from the perspective of the Court.
11         Ms. Ng, what do we have?
12         THE DEFENDANT:  Can you repeat please?
13         THE DEPUTY CLERK:  Tuesday, July 29, 2025 at 12 noon.
14         THE COURT:  Is everybody available on July 29th at
15    noon?
16         MR. WILLIAMS:  Yes.
17         MR. ROSS:  Yes, your Honor.
18         THE COURT:  Very good.  We'll have the next conference
19    on that date.  And at that point we'll see if we are in a
20    position to discuss motion deadlines and other appropriate
21    scheduling.
22         Now, Mr. Ross, is there an application for exclusion
23    from speedy trial computations of the time from now until
24    July 29th?
25         MR. ROSS:  Yes, your Honor.  The government believes

1 that that exclusion would be justified in the interest of
2 justice pursuant to Section 3161(h)(7)(A).
3     THE COURT: And for the reasons that you alluded to
4 earlier?
5     MR. ROSS: Yes, to allow the government time to
6 produce discovery, for the defense to review discovery, and to
7 consider any pretrial motions.
8     THE COURT: Thank you.
9     Any objection?
10     MR. WILLIAMS: No objections.
11     THE COURT: The application is granted.
12     I find for the reasons summarized by Mr. Ross that the
13 ends of justice served by the granting of an exclusion from
14 speedy trial computations for the period from today's date
15 through July 29th, 2025, outweigh the best interests of the
16 public and the defendant in a speedy trial. Accordingly, the
17 time period is excluded prospectively.
18     Is there anything further that we need to take up
19 together this morning?
20     MR. ROSS: Not from the government.
21     Thank you, your Honor.
22     MR. WILLIAMS: No, your Honor. Thank you.
23     THE COURT: Okay. Thank you. We are adjourned.
24     Stay safe and keep well, everyone.
25     * * *